FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 3 2004

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN W. WALKER                                                    PLAINTIFF

V.                                NO. 5:03CV00120-WRW

THE CITY OF PINE BLUFF,
ARKANSAS; A Public Body
Corporate; and TERRY WAYNE GRACE                       DEFENDANTS

## ORDER

Pending are Defendants' Motion for Summary Judgment (Doc. No. 33), and Plaintiff's Motion for Summary Judgment (Doc. No. 36). Responses were filed by each party. Also pending is Defendants' Motion in Limine (Doc. No. 48). A telephone conference was held on March 23, 2004 to discuss these motions.

### I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### A. Qualified Immunity

Defendants assert that individual Defendant Grace is entitled to qualified immunity. The "qualified immunity defense protects '[g]overnment officials performing discretionary functions.'"[1] Qualified immunity shields Defendant Grace from suit if "a reasonable officer could have believed [his actions] to be lawful, in light of clearly established law and the information [that he] possess."[2] Qualified immunity is an affirmative defense, so Defendants

---

[1] *Bankhead v. Knickrehm*, 2004 WL 239499, 2 (8th Cir. 2004)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[2] *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

1

carry the burden of proof.³ When a defendant asserts qualified immunity, the facts must be taken in the light most favorable to Plaintiff.⁴

Qualified immunity is a question of law.⁵ The Eighth Circuit has held that a denial of qualified immunity is proper when the Court could not determine what predicate facts existed to decide whether the conduct clearly violated established law.⁶ When material facts are in dispute, qualified immunity cannot be decided.⁷ As mentioned in the telephone conference, there are numerous important facts in dispute here, and qualified immunity must be denied.

### B.     Failure to Train and Supervise

Summary Judgment is not appropriate for this claim, because in order to grant summary judgment on a training claim, I would have to decide whether there was or was not probable cause to arrest Plaintiff.⁸ This is a question of fact which must be decided by the jury.

---

³*Sparr*, 306 F.3d at 593.

⁴*See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

⁵*Greiner v. City of Champlin*, 27 F.3d 1346, 1352 (8th Cir. 1994).

⁶*Baldwin v. Chandler*, 68 F.3d 478 (8th Cir. 1995)(unpublished)(citing *Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993).

⁷*Id.* (citing *Engle v. Townsley*, 49 F.3d 1321, 1323 (8th Cir. 1995).

⁸*See Habiger v. City of Fargo*, 80 F.3d 289 (8th Cir. 1996) (If there was not actual probable cause for city police officers to arrest abortion protester, city could be held liable on a failure to train theory unless its failure to train its officer did not lead to the unlawful arrest).

### C.   Official Capacity Claims Against Defendant Grace.

Defendants assert that the official capacity claims against Defendant Grace should be dismissed as redundant since Plaintiff has sued the City of Pine Bluff. This claim is without merit, since a public official may be sued in both his official and individual capacity.

## II.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff asserts that he is entitled to summary judgment since the facts, when viewed in a light most favorable to Defendants, indicate that Plaintiff was searched, seized, and arrested without probable cause. At this point, I do not believe that Plaintiff has chinned the summary judgment pole, but it is a close question and I may change my mind. The motion is denied for the time being.

## III.   DEFENDANTS' MOTION IN LIMINE

Defendants' Motion in Limine requests the exclusion of evidence that the Arkansas Municipal League is the administrator of a legal defense fund program that will be responsible for payment of any judgment rendered against Defendants. Defendants' motion is well-taken, and is granted.

Plaintiff will be permitted to ask Defendant Grace if he has been convicted of a felony in Jefferson County Circuit Court on September 20, 1999; but no other inquiries may be made (unless Mr. Grace denies the conviction). The name or nature of the crime may not be inquired about.

By noon, Friday, March 26, 2004, Plaintiff is to provide additional authorities regarding the submission of evidence informing the jury that Plaintiff's Obstructing Government Operations charge was *nolle prossed*.

## CONCLUSION

Based on the findings of facts and conclusions of law made during the telephone conference and considering the evidence in the record before me, material facts remain in dispute. Accordingly, both Defendants' Motion for Summary Judgment (Doc. No. 33) and Plaintiff's Motion for Summary Judgment (Doc. No. 36) are DENIED. Defendants' Motion in Limine (Doc. No. 48) is GRANTED.

IT IS SO ORDERED this 23rd day of March, 2004.

UNITED STATES DISTRICT JUDGE
Wm. R. Wilson, Jr.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
3/24/04 BY

bm

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

March 24, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re:  5:03-cv-00120.

True and correct copies of the attached were mailed by the clerk to the following:

> Ted Boswell, Esq.
> Boswell, Tucker, Brewster & Smith
> 408 Reynolds Road
> Post Office Box 798
> Bryant, AR   72089-0798
>
> John Andrew Ellis, Esq.
> Boswell, Tucker, Brewster & Smith
> 408 Reynolds Road
> Post Office Box 798
> Bryant, AR   72089-0798
>
> Carol B. Billings, Esq.
> Pine Bluff City Attorney's Office
> 200 East 8th Avenue
> Suite 203
> Pine Bluff, AR   71601
>
> Patricia J. Hays, Esq.
> Dispute Resolution Services
> 2300 Andover Court
> Suite 560
> Little Rock, AR   72227

press

James W. McCormack, Clerk

Date: 3/24/04

BY: _____