FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 29 2004

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN W. WALKER                                                                                       PLAINTIFF

VS.                          CASE NO. 5:03 CV0120 WRW

THE CITY OF PINE BLUFF,
ARKANSAS, a public body corporate;
and TERRY WAYNE GRACE, in his
individual and official capacities                                               DEFENDANTS

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO AMEND ORDER OF DECEMBER 30, 2003 TO CERTIFY THE ORDER FOR AN IMMEDIATE APPEAL ALONG WITH DEFENDANTS' INTERLOCUTORY APPEAL OF THE QUALIFIED IMMUNITY ISSUE

On December 30, 2003, the Court entered an Order granting plaintiff's Motion to Amend his Complaint to add as a defendant Terry Wayne Grace, in his individual capacity. Defendants had opposed this Motion. Plaintiff took the position in his motion to amend that he was seeking to *clarify* the capacity in which Grace was being sued. Plaintiff based his motion upon Fed.R.Civ.P. 9(a) which states that it is not necessary to aver the capacity of a party being sued. Plaintiff's position was contrary to established Eighth Circuit law as will be discussed below.

After the Court allowed the amendment of the complaint, Separate Defendant Grace moved for summary judgment, asserting his entitlement to qualified immunity. In an Order entered of record on March 24, 2004, the Court denied Grace's motion for qualified immunity. Defendants have advised the Court that within thirty (30) days from the date of the Order, they will take an interlocutory appeal of its March 24, 2004 Order denying qualified immunity.

Defendants now move this Court to amend its December 30, 2003 Order, adding language that will allow it to immediately appeal that Order under 28 U.S.C. § 1292(b) at the same time that

it pursues its interlocutory appeal of the qualified immunity issue. These two issues are inextricably intertwined and resolving them in one appeal would materially advance the ultimate termination of this litigation. If the Court erred in its December 30, 2003 Order allowing the plaintiff to amend his complaint, then the issue of qualified immunity becomes moot. Qualified immunity is a defense only available to a public official who is sued in his individual capacity. The Eighth Circuit should have the opportunity to examine both issues at one time, rather than engaging in piecemeal appellate review. This will insure judicial economy and will also be more economical for the parties as well.

Defendants respectfully request that the Court amend its December 30, 2003 Order by adding the following statement to the conclusion of its Order:

> "In the opinion of the Court, this Order granting Plaintiff's Motion to Amend his Complaint to add Terry Wayne Grace, individually, involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate determination of the litigation."

The Court's December 30, 2003 Order stated that "Defendant *should have known* that Plaintiff sought to assert two causes of action—one against the City, and one against Officer Grace in his individual capacity." There is substantial ground for difference of opinion as to the correctness of the Court's ruling because on several occasions, the Eighth Circuit has stated that *specific pleading* of individual capacity is required to put public officials on notice they will be exposed to personal liability. When the plaintiff fails to state whether he is suing an official in his individual capacity, the claim is to be construed as an official capacity claim only. *Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999); *Artis v. Francis Howell M. Band Booster Assoc., Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."); *Johnson v. Outboard Marine Corp.*, 172

2

F.3d 531, 535 (8th Cir. 1995) ("In order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989) ("Litigants wishing to sue government agents should simply use the following language: Plaintiff sues each and all defendants in both their individual and official capacities. This language guarantees that the defendant receives prompt notice of his or her potential personal liability."); *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 620 (8th Cir. 1995) ("*Nix* requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient.").

Furthermore, in *Sunkyong Internat'l, Inc. v. Anderson Land & Livestock Co.,* 828 F.2d 1245, 1252 (8th Cir. 1987), the Eighth Circuit, in considering whether a motion to amend would relate back, made this statement: "An amendment which simply changes the capacity in which a person is sued, 'without changing the ultimate liability sought to be imposed,' [internal citations omitted] relates back to the date of filing the original complaint." In this case, however, the amendment to sue Grace, individually, changed the ultimate liability sought to be imposed because, for the first time, it subjected Grace to personal liability for punitive damages.[1] It becomes an entirely different case if Grace is sued in his individual capacity for punitive damages. See *Rendall-Speranza v. Nassim,* 107 F.3d 913, 919 (D.C. Cir. 1997).

---

[1] The Arkansas Municipal League Defense Fund Program does not pay punitive damages under any circumstances. Therefore, if Grace is found liable for punitive damages, he would have to pay them himself out of his own personal funds. Exhibit No. 1. A municipality (or official capacity claim which is the same thing) is not liable for punitive damages. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).

3

The Court's December 30, 2003 Order involves a controlling question of law that the Eighth Circuit should examine because if the Court erred in allowing the complaint to be amended, then the issue of qualified immunity is moot. An immediate appeal will materially advance the ultimate termination of the litigation. The Court's December 30, 2003 Order is not otherwise appealable at this time without certification from the Court pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, defendants pray that the Court grant this Motion and amend its December 30, 2003 Order allowing it to be certified for immediate appeal to the Eighth Circuit.

Respectfully submitted,

Carol Billings
City Attorney
200 East Eighth Avenue, Suite 203
Pine Bluff, AR 71601
(870) 543-1805

By: /s/ Patricia J. Hays
Patricia J. Hays No. 90006
Attorney at Law
2300 Andover Court, Suite 560
Little Rock, AR 72227
(501) 801-8200 telephone
(501) 801-7430 facsimile

### CERTIFICATE OF SERVICE

I, Patricia J. Hays, hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, to Ted Boswell, Boswell, Tucker and Brewster, P.O. Box 798, Bryant, AR 72089-0798, on this 26th day of March, 2004.

/s/ Patricia J. Hays
Patricia J. Hays

4