IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN W. WALKER                                                                                               PLAINTIFF

v.                                              NO. 5:03 CV0120 JLH

THE CITY OF PINE BLUFF,
ARKANSAS, a public body corporate;
and TERRY WAYNE GRACE, in his
individual and official capacities                                                                DEFENDANTS

## SECOND AMENDED COMPLAINT

Comes now Plaintiff, John W. Walker, by and through his attorneys, Boswell Law Firm, and for his Second Amended Complaint against the Defendants, the City of Pine Bluff, a public body corporate (hereinafter "City of Pine Bluff") and Terry Wayne Grace (hereinafter "Grace"), in his individual and official capacities, states:

### I. PARTIES, JURISDICTION, AND VENUE

1.      This is an action for damages brought under 42 U.S.C. § 1981 and 1983, the Federal Civil Rights statutes, as well as under the Fourth and Fourteenth Amendments to the United States Constitution, as selectively incorporated and made binding on the State of Arkansas.

2.      The Court has jurisdiction over the parties and subject matter, and venue is proper.

3.      Plaintiff, John W. Walker, is, and has been at all times pertinent hereto, a resident of Pulaski County, Arkansas.

4.      Separate Defendant, City of Pine Bluff, is, and has been at all times pertinent hereto, a municipality located in Jefferson County, Arkansas. Upon information and belief, service can be made upon the City of Pine Bluff pursuant to Rule 4(d)(8) of the Federal Rules of Civil Procedure

through its chief executive officer, Mayor Dutch King, at Pine Bluff City Hall, 200 East 8th Avenue, Pine Bluff, AR 71601.

5. Upon information and belief, Separate Defendant, Terry Wayne Grace, resides at 247 Grant, 756, Sheridan, Arkansas 72150. At the time of the incident giving rise to this litigation, Grace was employed by the City of Pine Bluff as a police officer and was, at all times pertinent hereto, acting under color of law with the Pine Bluff Police Department. Plaintiff sues Separate Defendant Grace in both his individual and official capacities.

## II. STATEMENT OF FACTS

6. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 5 hereinabove.

7. On or about June 24, 1998, while working on duty as a police officer for the City of Pine Bluff, Terry Wayne Grace made a traffic stop on a gray Lincoln Town Car with four (4) black male occupants. Two (2) were individuals named Antonio Sykes, who was the driver, and Christopher Kitchens, and the other two (2), who were riding in the back seat, are unidentified to this day. Upon information and belief, Sykes was twenty-three (23) years old, and Kitchens was fifteen (15). Also, upon information and belief, the two (2) unidentified occupants sitting in the back seat were young African-American males.

8. Plaintiff, John W. Walker, was in Pine Bluff on business related to his law practice on the date of the incident. He was driving home to Little Rock in his van with his daughter, Esther Bullard, and her two infant children, all riding as passengers therein, when the following events took place. Plaintiff noticed the "traffic stop" that is the subject of the preceding paragraph. Having already seen an extensive police presence that day in the neighborhoods of Pine Bluff, Plaintiff

perceived this particular setting to be yet another episode involving a white police officer and one or more black male citizens detained on the roadway. In any event, Plaintiff, who was, and still is, a public advocate for civil rights, pulled his van over to the shoulder of the roadway and got out to observe the encounter.

9. Upon Plaintiff's arrival at the scene, and at all times throughout the encounter, Sykes and Kitchens were seen outside their vehicle conversing with Grace. The other two (2) unidentified individuals were sitting in the back seat of the Lincoln. Plaintiff observed this scene for several minutes and was standing at all times at or near the asphalt "side walk" across the roadway at a safe and reasonable distance from the police officer. Plaintiff stood watching the encounter for some time, completely undetected by Grace, who was engaged in conversation with Sykes and/or the other occupants of the Lincoln.

10. Suddenly and without warning, Grace turned his attention away from his own conversation, walked over to the Plaintiff, and initiated conversation with him. Specifically, Grace asked Plaintiff who he was and what he was doing. Plaintiff responded that he was just observing "Pine Bluff's finest in action." Even though Plaintiff was cooperative and provided Defendant Grace with his identification, Defendant Grace persisted in inquiring who he was and what he was doing. Plaintiff spoke only responsively to Grace's questions and commands, and he did not interfere in any way with the officer's business with the Lincoln and/or its occupants.

11. Grace asked Plaintiff to submit to a search of his person, whereupon Plaintiff informed him that he (Grace) would be "sued" if he touched him. Grace searched Plaintiff anyway, finding no weapons, no contraband, nor any other objectionable items. Following this search of his person, Grace told Plaintiff that he (Plaintiff) was under arrest and ordered him to put his hands

behind his back. Grace did not inform Plaintiff as to the nature of the charge for which he was being formally arrested. Plaintiff offered no resistance to this arrest and was handcuffed in the middle of the neighborhood, in the presence of his daughter and grandchildren, who were back at the van, as well as in full view of the general public.

12. After being handcuffed, Plaintiff was taken to Grace's patrol car, where he was made to sit in the back seat and await the return of the officer, not yet finished conversing with the occupants of the Lincoln. The air conditioner inside the patrol car was not running, the windows were closed, and temperatures that summer afternoon were approaching one hundred (100) degrees Fahrenheit. Upon Grace's return, Plaintiff was transported to the Jefferson County Detention Facility. At no point during the journey to jail did Grace inform Plaintiff of the nature of any criminal charges against him.

13. Once at the jail, Plaintiff was booked, made to submit to a "mug-shot," made to submit to fingerprinting, and made to wait for approximately forty-five (45) minutes for Grace to complete his arrest report on the incident. While waiting, Plaintiff looked through a large book, unidentified to this day, which apparently belonged to the jailer. This book contained entries of arrests made by local law enforcement. In it, Plaintiff saw what he believed to be a disproportionately large number of arrests of blacks for what he deemed "insubordination" offenses such as disorderly conduct, resisting arrest, obstruction of governmental operations, and the like. Every prisoner he saw that day was African-American.

14. After a period of confinement of approximately two and one-half hours dating back to the arrest at the scene, Plaintiff bonded out of jail after having made arrangements with a bondsman, at his own expense. The jailer gave him an arraignment date in Jefferson County

Municipal Court for the charge of "obstruction of governmental operations." A trial date of October 7, 1998, was later set by the Jefferson County Municipal Court. On August 18, 1998, the city attorney in Pine Bluff who was assigned to the prosecution of the case of *State of Arkansas v. John Walker,* PBCR-98-05429, wrote a letter to the Municipal Court moving to <u>nolle</u> <u>prosse</u> the charge against Mr. Walker "in the interest of justice." The charge was dismissed accordingly and never re-filed.

15.     The entire incident recounted above was a source of embarrassment and did damage to Plaintiff's reputation. Moreover, Plaintiff incurred out-of-pocket expenses by retaining legal counsel to represent him in municipal court and by securing his release through a bondsman. Finally, Plaintiff experienced economic loss due to his shifting time and attention away from his flourishing law practice so that he could assist his own attorney in the criminal case.

### III.  CAUSE OF ACTION AGAINST TERRY WAYNE GRACE

16.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 hereinabove.

17.     Plaintiff respectfully submits that the above-alleged actions of Separate Defendant, Terry Wayne Grace, were done under color of law and in violation of one or more of the following provisions of the United States Constitution, made binding upon the State of Arkansas under the Due Process Clause of its Fourteenth Amendment:

(a) Grace's actions in searching Plaintiff in the absence of reasonable suspicion or probable cause violated the Fourth Amendment to the federal Constitution;

(b) Grace's actions in arresting Plaintiff in the absence of probable cause violated the Fourth Amendment to the federal Constitution;

(c) Grace's actions in detaining, searching, and seizing Plaintiff were racially selective and racially motivated. Hence, the actions were in violation of the Equal Protection Clause of the Fourteenth Amendment to the federal Constitution;

(d) Grace's actions in detaining, searching, and seizing Plaintiff who was standing in an area of town accessible to the public and at a safe distance from the "traffic stop" were in violation of the First Amendment to the federal Constitution;

(e) Grace's actions in detaining, searching, and seizing Plaintiff were otherwise in violation of the Due Process Clause of the Fourteenth Amendment to the federal Constitution;

(f) Grace's unlawful detention, search, and seizure of Plaintiff was in violation of 42 U.S.C. §§ 1981 and 1983;

(g) Grace's actions were otherwise in violation of the provisions of the federal Constitution as the proof in this cause may bear out;

all of which are against the laws of the United States of America, for which Plaintiff is entitled to recover damages.

### IV.  CAUSE OF ACTION AGAINST THE CITY OF PINE BLUFF

18.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 hereinabove.

19.     Plaintiff respectfully submits that the misconduct of Separate Defendant, City of Pine Bluff, were done under color of law and in violation of one or more of the following provisions of the United States Constitution, made binding upon the State of Arkansas under the Due Process Clause of its Fourteenth Amendment:

(a) The City failed to train and supervise adequately its officers to refrain from engaging in racially selective and racially discriminatory encounters with the African-American public, of which Plaintiff is a member;

(b) The need for more training or different training was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the City of Pine Bluff can reasonably be said to have been deliberately indifferent to the need for such training;

(c) The City failed to train and supervise adequately its officers to refrain from turning against members of the populace who happen to observe casually and amiably the activities of the Pine Bluff Police Department;

(d) The failure on the part of the City of Pine Bluff to provide adequate training and/or suitable policies dealing with the handling by on-duty officers of citizens who are casually observing traffic stops and other police encounters with citizens;

(e) The failure on the part of the City of Pine Bluff to provide adequate training was a cause of injury to Plaintiff, in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the federal Constitution and 42 U.S.C. §§ 1981 and 1983;

(f) The actions of Grace in detaining, searching, and arresting Plaintiff, as alleged above, were done pursuant to a governmental custom or policy of the City of Pine Bluff to promote, encourage, and facilitate the racially selective and racially discriminatory encounters with the African-American public;

(g) The actions of Grace were in accordance with the official policy of the City of Pine Bluff to engage in, facilitate, or fail to prevent, such racially selective and discriminatory

behavior, in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the federal Constitution and 42 U.S.C. §§ 1981 and 1983;

(h) Any and all policy and conduct on the part of the City of Pine Bluff that violates the federal Constitution and 42 U.S.C. §§ 1981 and 1983 as the proof may bear out;

all of which are against the laws of the United States of America, for which Plaintiff is entitled to recover damages.

## V. MALICIOUS PROSECUTION

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 hereinabove.

21. Plaintiff submits that the unlawful conduct on the part of the Defendants herein constitutes malicious prosecution, for which they are liable pursuant to Arkansas law, in that:

(a) Defendants instituted a judicial proceeding against the Plaintiff through the arrest and issuance of a formal citation;

(b) This proceeding was subsequently terminated in favor of the Plaintiff;

(c) Defendants lacked probable cause to justify the proceeding;

(d) Defendants had malice in bringing or initiating the proceeding; and

(e) Plaintiff suffered damages as a result thereof.

## VI. COMPENSATORY DAMAGES

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 hereinabove.

23. As a result of the unlawful conduct on the part of the Defendants herein, Plaintiff Walker has suffered the following damages:

(a) he has suffered mental anguish, humiliation, and indignation due in part to the embarrassment of being detained, searched, arrested, and sent to jail in the presence of members of his family;

(b) he has sustained damages to his reputation as a prominent Little Rock attorney, in part because of the humiliation that continued throughout the weeks and months that followed the incident, which was covered by statewide media outlets, both electronic and print;

(c) he has sustained economic damages to his law practice by virtue of the fact that he had to concentrate considerable time, energy, resources, and money to assist his own legal counsel in fighting the criminal charge levied against him by the Defendants through their unlawful conduct;

(d) he experienced pain and suffering throughout the entire ordeal due in part to the reality that he was, literally, a prisoner of the Defendants from the time that he was initially detained and searched, through the time that he was made to sit in an unbearably hot patrol car without the convenience of air conditioning, and finally to the time that he spent being booked, fingerprinted, photographed, etc., at the jail.

(e) he has incurred out-of-pocket losses from his having to secure his release from custody through a bondsman, and any and all expenses associated therewith;

(f) he has sustained damages, and will continue to sustain damages, from his loss of capacity for the enjoyment of life by virtue of the stigmatization that this entire incident has caused him to bear in the eyes of the public;

(g) he has sustained any and all other elements of damage to which he may be entitled as a matter of federal law as the proof in this cause may bear out;

for all of which he should be compensated under the laws of the United States of America.

## VII.  PUNITIVE DAMAGES

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 hereinabove.

25. In addition to compensatory damages, Plaintiff respectfully alleges that the conduct of the Defendants was recklessly and callously indifferent to his rights under the United States Constitution to be free of any unreasonable search and seizure, to be secure in his rights to due process and equal protection, and to be protected by the fundamental rights set forth in the First Amendment.

26. Specifically, Plaintiff respectfully alleges that the racially selective and racially discriminatory behavior on the part of the Defendants warrants a finding that each of these Defendants acted deliberately and with conscious disregard of the well-being of John W. Walker, a citizen of the United States, from which malice can be inferred.

27. Moreover, the Defendants had malice in arresting the Plaintiff and charging him for "obstruction of governmental operations" when no probable cause to sustain such a charge existed, and due in large measure to the fact that the "traffic stop" on the Lincoln and subsequent detention and arrest of the Plaintiff were motivated by Defendant Grace's personal reasons.  Accordingly, Plaintiff is entitled to an additional award of punitive damages as against each Defendant.

## VIII.  ATTORNEY'S FEES

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 hereinabove.

29.     In addition to compensatory and punitive damages, Plaintiff is entitled to be reimbursed for his own attorney's fees in the handling of this lawsuit, pursuant to 42 U.S.C. § 1988(b).

## IX.  DEMAND FOR JURY TRIAL

30.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 hereinabove.

31.     Plaintiff hereby invokes his right to a trial by jury pursuant to the Seventh Amendment to the United States Constitution.

**WHEREFORE**, Plaintiff, John W. Walker, prays for judgment against the Defendants, Terry Wayne Grace and the City of Pine Bluff, jointly and severally, in a total amount in compensatory and punitive damages in excess of that necessary to invoke federal court jurisdiction in diversity of citizenship cases, for his costs herein expended, for pre-judgment interest on any amount reasonably ascertainable at the time of the loss, for post-judgment interest, for his attorney's fees, and for whatever just and proper relief to which he may be entitled.

        Respectfully submitted,

        BOSWELL LAW FIRM
        Attorneys for Plaintiff

        BY:    /s/Ted Boswell
                  Ted Boswell, AR Bar No. 58003
                  John Andrew Ellis, AR Bar No. 99012
                  Post Office Box 798
                  Bryant, AR 72089-0798
                  (501) 847-3031
                  Fax (501) 847-4354

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following attorneys of record:

Ms. Jeannette Denham
Post Office Box 38
North Little Rock, AR 72115

Ms. Carol Billings
200 East 8th Street, Suite 203
Pine Bluff, AR 71601

                                          /s/Ted Boswell
                                          Ted Boswell