**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JOHN W. WALKER                                                                          PLAINTIFF

v.                                              No. 5:03CV0120 JLH

THE CITY OF PINE BLUFF, ARKANSAS,
a Public Body Corporate; and
TERRY WAYNE GRACE, In His Individual
and Official Capacities                                                                 DEFENDANTS

<u>**OPINION AND ORDER**</u>

John W. Walker brought claims against the City of Pine Bluff and one of its former police

officers, Terry Wayne Grace, for violation of his civil rights under the First, Fourth, and Fourteenth

Amendments and 42 U.S.C. §§ 1981 and 1983 and for malicious prosecution.  He alleges that Grace

arrested him without probable cause and for racial reasons.  Walker has renewed his previous motion

for summary judgment[1] on the issue of whether probable cause existed for his arrest.  He has also

moved to strike the affirmative defense of qualified immunity.  For the following reasons, the

motions are denied.

**I.**

A court should grant summary judgment when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."  FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district

---

[1] Walker initially filed a motion for summary judgment on February 11, 2004.  This motion was denied by the Honorable William R. Wilson, United States District Judge, on March 23, 2004.

court of the basis of its motion and identifying the portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 763 (8th Cir. 2003). When the moving party has carried its burden under Rule 56(c), the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1985) (quoting FED. R. CIV. P. 56(e)). The non-moving party sustains this burden by showing that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. When a non-moving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. In deciding a motion for summary judgment, the court must view the facts and inferences in the light most favorable to the party opposing summary judgment. *Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 841 (8th Cir. 2001) (citing *Rabuska v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997)). If the evidence would allow a reasonable jury to return a verdict for the non-moving party, summary judgment should be denied. *Derickson v. Fidelity Life Assoc.*, 77 F.3d 263, 264 (8th Cir. 1996) (citing *Anderson*, 477 U.S. at 248).

## II.

In June 1998, Grace stopped a vehicle occupied by four young, black males. Grace says that he stopped the vehicle because it had no license plates. Another police officer, Stephanie Sheets Smith, stopped to serve as back-up for Grace. Walker, who was driving in the area, stopped his van

on the side of the road and got out to observe the traffic stop.  The parties agree that Walker stood at the side of the road near his vehicle but disagree as to his distance from the point where the officers were talking to some of the young men who had been stopped by Grace.  Walker testified in his deposition that he was about 40 or 50 feet from the officers, but Grace testified that Walker was about 20 feet away.

Grace was initially unaware of Walker's presence.  Smith approached Walker and asked if she could help him.  He stated, "I'm observing Pine Bluff's finest in action."  Smith returned to Grace and called his attention to Walker.  Grace then approached Walker and spoke to him.

Grace and Walker have given different accounts of the events that followed.  Walker testified that Grace asked who he was and why he was there.  Walker stated that he told Grace, "I'm watching Pine Bluff's finest in action."   Walker said that he then told Grace that Grace had no reason to ask for identification, but he nevertheless offered Grace his driver's license.  According to Walker, Grace handcuffed him at this point and placed him in a police car.

According to Grace, Walker said something like, "I'm here to watch you abuse black people."  Grace testified that Walker was rapidly pacing back and forth and talking so loudly that persons came out of the houses nearby in response to the commotion that Walker created.  Grace said that he asked Walker to step to one side, pointing where he wanted Walker to go, but that Walker walked the opposite direction.  Grace has conceded that Walker said something like, "I'll move wherever you want me to move," but testified that he did not interpret the statement as cooperation because Walker was moving in the opposite direction.  Grace then frisked Walker, finding no weapons or contraband, and handcuffed him.

Grace arrested Walker on the charge of obstructing governmental operations.  A person obstructs governmental operations if he "[k]nowingly obstructs, impairs, or hinders the performance of any governmental function . . . ."  ARK. CODE ANN. § 5-54-102(a)(1).  Grace testified that Walker hindered performance of the traffic stop because he posed a safety concern.  Specifically, Grace testified that Walker stood directly behind Grace so that Grace could not simultaneously watch him and the men who had been stopped, he stood too close to the area of the traffic stop, he appeared upset and had a threatening demeanor and attitude, he talked loudly, and he did not move where Grace asked him to move.  The charges against Walker were dismissed on motion of the prosecution.

After the charges against him were dismissed, Walker filed this lawsuit.  Grace moved for summary judgment on the ground of qualified immunity.  That motion was denied.  Grace appealed, and the Eighth Circuit affirmed.  *Walker v. City of Pine Bluff*, 414 F.3d 989 (8th Cir. 2005).

### III.

"[T]he Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense."  *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105 (8th Cir. 2004).  A warrantless arrest without probable cause, however, violates the individual's rights under the Fourth and Fourteenth Amendments.  *Walker*, 414 F.3d at 992.  An officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing that the suspect has committed a crime.  *Garionis v. Newton*, 827 F.2d 306, 309 (8th Cir. 1987).  The focus of probable cause for arrest is an objective analysis of the facts known to the police officers at the time of the arrest.  *Peterson v. City of Plymouth*, 60 F.3d 469, 475-76 & n.10 (8th Cir. 1995).  An officer's subjective intent in arresting a suspect is irrelevant as long as sufficient objective

4

evidence establishes probable cause for the arrest. *United States v. Davis*, 174 F.3d 941, 947 (8th Cir. 1999); *United States v. Clarke*, 110 F.3d 612, 613-14 (8th Cir. 1997). "Whether probable cause exists is a common-sense and practical determination and must be based upon the totality of the circumstances." *U.S. v. Abadia*, 949 F.2d 956, 959 (8th Cir. 1991) (citing *Illinois v. Gates*, 462 U.S. 213, 230-32, 103 S. Ct. 2317, 2328-29, 76 L. Ed. 2d 527 (1983)). In an action for unlawful arrest pursuant to § 1983, the burden of proof is on the defendant police officers to show that the warrantless arrest was supported by probable cause. *See Washington v. Simpson*, 806 F.2d 192, 195 (8th Cir. 1986) (in § 1983 action for unlawful arrest, "the trial judge correctly placed the burden of proof on the defendant officers and found that adequate probable cause existed to support the arrest."). Whether probable cause existed is a mixed question of law and fact. *See Ornelas v. United States*, 517 U.S. 690, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996). In the case of a warrantless stop and search involving an automobile, the Supreme Court explained:

> The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause. The first part of the analysis involves only a determination of historical facts, but the second is a mixed question of law and fact: "[T]he historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the [relevant] statutory [or constitutional] standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated." *Pullman-Standard v. Swint*, 456 U.S. 273, 289, n.19, 102 S. Ct. 1781, 1791, n.19, 72 L. Ed. 2d 66 (1982).

*Id.* at 696-97, 116 S. Ct. 1662-63, 134 L. Ed. 2d 911.

The testimony of Walker and Grace is in conflict. Walker concedes that Grace's account must be accepted for purposes of this motion, but he argues that the Court should find, as a matter of law, that even accepting Grace's testimony as true no probable cause to arrest is shown. The

Court disagrees.  On Grace's account, Walker was standing directly behind him, twenty feet away, close enough to pose a danger and in a position to do harm; he was behaving in a threatening manner; and he refused to move when told to do so.  A reasonable person could believe that Walker's conduct, as described by Grace, hindered the officers in their performance of the traffic stop.

Referring to the Eighth Circuit's opinion in *Walker*, Walker notes that "[t]he Eighth Circuit stated that it was 'preposterous' to believe that [he] would have been creating a distraction to the officers engaged in the traffic stop by standing as a 'silent, non-interfering on-looker.'" The issue then before the Eighth Circuit, however, was not whether probable cause had been shown but whether Grace was entitled to qualified immunity on the summary judgment record then before the court.  *Walker*, 414 F.3d at 991.  In deciding that issue, the Eighth Circuit viewed the evidence in the light most favorable to Walker, who, according to his testimony, silently watched the traffic stop from across the street.  *Id*. at 991-92.  Walker argues that even according to Grace's testimony, he was a "silent, non-interfering on-looker," but that is not so.  According to Grace's testimony, Walker was speaking so loudly that persons came out of nearby houses in response to the commotion that he created, he was behaving in a threatening manner in a position where he posed a threat to the officers' safety, and he refused to move to a position where he could be seen by the officers as they conducted the traffic stop.  Walker's motion for partial summary judgment is denied.

## IV.

Although the Court denied Grace's motion for summary judgment based on qualified immunity and the Eighth Circuit affirmed, it does not follow that the Court should strike the defense of qualified immunity.  This Court denied qualified immunity because "there are numerous important

disputed facts here[.]" The Eighth Circuit held "on this summary judgment record, the district court properly denied Grace's motion for qualified immunity protection." *Walker*, 414 F.3d at 993.  As noted above, the Eighth Circuit viewed the evidence in the light most favorable to Walker. *Id.* at 991.  In *Littrell v. Franklin*, 388 F.3d 578, 586 (8th Cir. 2004), the court held, "where questions of historical fact exist, the jury must resolve those questions so that the court may make the ultimate legal determination of whether officers' actions were legal in light of clearly established law."  Here, questions of historical fact exist.  The jury must resolve those questions.  The motion to strike is denied.

## CONCLUSION

Whether Grace lacked probable cause to arrest Walker hinges on the facts as to what happened at the traffic stop and whether, given those facts, a reasonable police officer could have believed that Walker was committing a crime.  These questions must be submitted to a jury.  Walker's renewed motion for summary judgment is therefore denied.  Document #92.  Walker's motion to strike is denied.  Document #98.

IT IS SO ORDERED this 13th day of October, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE